# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-191-12

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ricardo Ortiz appeals the sentence imposed following his guilty plea conviction of conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court imposed a guidelines-range sentence of 210 months of imprisonment and five years of supervised release. Ortiz argues, as he did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

below, that the district court improperly assessed the two-level enhancement of U.S.S.G. § 2D1.1(b)(12) (2012).

This court reviews the district court's findings of fact with respect to sentencing under the clear error standard. *United States v. Betancourt,* 422 F.3d 240, 244-45 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. *Id.* at 245. The two-level enhancement of § 2D1.1(b)(12) is appropriate if the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. *See* § 2D1.1(b)(12). Although Ortiz objected to the PSR's application of the Guidelines, he did not present testimony to rebut the facts set forth therein. Where the defendant offers no evidence to rebut the information in the PSR, the district court is free to adopt its findings. *See United States v. Vital,* 68 F.3d 114, 120 (5th Cir. 1995).

The record, including stipulated facts, unrefuted facts in the PSR, and testimony by an investigating case agent at the sentencing hearing, establishes that Ortiz performed a variety of roles in the Nunez drug trafficking organization, including the coordination of transportation and delivery of marijuana from stash houses in Texas to stash houses in Florida. Ortiz and another member of the drug trafficking organization provided the funds to purchase "the FM 2812 stash house," in Edcouch, Texas, and then distanced themselves from the purchase by placing the house under the name of another participant in the drug trafficking organization. The record further indicates that the FM 2812 stash house was used by the drug trafficking organization for the sole purpose of distributing marijuana, it was used to facilitate loads of marijuana for which Ortiz was responsible, and he participated in activities at the stash house involving drug trafficking and renovation.

No. 13-40882

Thus, the district court's determination that Ortiz maintained a premises for the purpose of distributing a controlled substance is plausible in light of the record, *see Betancourt,* 422 F.3d at 244-45, and the application of the § 2D1.1(b)(12) enhancement was therefore proper.

AFFIRMED.